**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| BRIAN KEITH FRANKLIN,<br>    Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)    CAUSE NO.: 2:17-CV-422-JEM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Brian Keith Franklin on November 8, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 22], filed June 8, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 23, 2018, the Commissioner filed a response, and on August 2, 2018, Plaintiff filed a reply.

**I.    Background**

On July 21, 2010, Plaintiff filed an application for benefits alleging that he became disabled on October 14, 2008. Plaintiff's application was denied initially and upon reconsideration. After an initial hearing and appeal to the Northern District of Illinois, the case was remanded back to the agency on September 7, 2016, and on September 30, 2016, the Appeals Council remanded the case back to the ALJ. On June 23, 2017, Administrative Law Judge ("ALJ") Jose Anglada held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On July 19, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1

1. The claimant has not engaged in substantial gainful activity since July 21, 2010, the application date.

2. The claimant has severe impairments: arthralgias, gout, carpal tunnel syndrome, and affective disorder.

3. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant had the residual functional capacity to perform light work except that he is unable to work at heights or frequently climb ladders. He may only occasionally crouch, kneel, or crawl. He should avoid operation of moving or dangerous machinery. He is limited to frequently handling with the dominant right upper extremity due to mild carpal tunnel syndrome (although according to regulatory definition, the impairment is considered severe). He is limited to performing simple, routine tasks involving no more than simple, short instructions and simple work-related decisions. He may only have casual contact with the general public.

5. The claimant is unable to perform any past relevant work.

6. The claimant was a younger individual age 18-49 on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, since July 21, 2010, the date the application was filed.

Plaintiff now seeks judicial review of this decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse

the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ failed to comply with the clear directions from previous review of the case, and failed to comply with the agency regulations in his determination of Plaintiff's RFC. The Commissioner argues that the decision is supported by substantial evidence.

The law of the case doctrine, applicable to judicial review of administrative decisions, requires "the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *see also Key v. Sullivan*, 925 F.2d 1056,

4

1060 (7th Cir. 1991). In this case, the case was remanded from the Northern District of Illinois with specific instructions regarding the need to include discussion of Plaintiff's moderate limitation in concentration, persistence, or pace, reevaluate medical source opinions, and consider Plaintiff's subjective complaints in accordance with the regulations. The Appeals Council noted that Dr. Boyenga opined that Plaintiff could perform tasks "with reduced interpersonal contact," but that the RFC "only limited the claimant's contact with the general public, and did not address the claimant's contact with supervisors. Further evaluation of the opinion evidence is warranted." AR 538. Accordingly, it specifically instructed the ALJ to, among other things, "evaluate the treating and non-treating source opinions pursuant to the [relevant statutory] provisions . . . including the opinion of Kirk Boyenga, PhD, and explain the weight given to such opinion evidence."

Plaintiff argues that in his second opinion, the ALJ still did not incorporate any limitations regarding working alongside co-workers or supervisors, despite giving "great weight" to Dr. Boyenga's opinion and being specifically directed to address that limitation. The ALJ quoted the portion of Dr. Boyenga's opinion that addressed his interpersonal contact, finding it "consistent with the medical evidence of record as a whole," but again failed to include any limitation on contact with co-workers or supervisors in the RFC, without explanation. The Court is left without a "logical bridge" between the evidence to which the ALJ gave great weight and his conclusion, in which he apparently ignored that evidence. *O'Connor-Spinner*, 627 F.3d at 618 ("[ALJ] must provide a 'logical bridge' between the evidence and his conclusions."). This demonstrates either impermissible cherry-picking of the record, *see, e.g., Kaminski v. Berryhill*, 894 F.3d 870, 874-75 (7th Cir. 2018); *Gerstner v. Berryhill*, 879 F.3d 257, 261-63 (7th Cir. 2018), or a lack of understanding of the medical evidence, leading to the concern that the ALJ is substituting his own medical judgment for

5

that of the state agency physician whose opinion he was specifically directed to address, in violation of the Seventh Circuit Court of Appeals' repeated warning that ALJs are not to make their own independent medical findings and should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

This concern is amplified by the physical limitations in the RFC. Plaintiff points out that the ALJ did not give more than little weight to any medical professional who addressed his physical limitation. The ALJ gave little weight to the opinion of Plaintiff's treating physician Dr. Wu, finding the extent of the limitations inconsistent with medical evidence from other physicians. He also gave little weight to the state agency consultants because they concluded that Plaintiff was less limited than the record reflects. Not only does it appear that the ALJ failed to properly assess the weight to be given to the opinion of a treating physician, *see, e.g., Kaminski*, 894 F.3d at 874 ("[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record.") (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner*, 879 F.3d at 261), but the Court is unable to determine how the ALJ arrived at the portion of the RFC addressing Plaintiff's physical limitations. The ALJ again appears to have substituted his own medical judgment for that of the medical professionals who gave an opinion about Plaintiff's physical limitations.

This propensity to "play doctor" continues in the ALJ's analysis of Plaintiff's cane use. The

6

ALJ noted that Plaintiff was prescribed a cane, but concluded that "the note on the prescription pad falls short of a justification for a cane" and therefore "is insufficient for me to conclude that the claimant has needed a cane to ambulate." A few paragraphs later, the ALJ pointed to Plaintiff's cane use as a reason to discount the opinion of his treating physician. Dr. Wu opined that Plaintiff would need a cane, as well as other postural restrictions, and one of the reasons the ALJ gave for discounting his opinion was that "there is no mention in the claimant's treatment notes that an ambulatory or balance assistive device was deemed medically necessary." In other words, he discounted the treating physician's opinion that Plaintiff needed a cane because Plaintiff did not have a medical prescription for the cane, despite the fact that Plaintiff had obtained a medical prescription for a cane, apparently because he found the prescription inadequate. In short, the ALJ explicitly substituted his medical judgment for the opinions of at least two medical processionals, a decision made even more absurd by the fact that canes can be obtained without any prescription. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("Absurdly, the administrative law judge thought it suspicious that the plaintiff uses a cane, when no physician had prescribed a cane. A cane does not require a prescription."). The Court is left unable to trace the logic from the actual medical evidence in the record to the RFC.

The ALJ's repeated inclination to substitute his own medical judgment for that of the myriad medical professionals in the record compels remand. On remand, the ALJ must fully address the actual medical evidence in the record, including explaining how Plaintiff's limitations in concentration, persistence, or pace and in interacting with co-workers or supervisors are incorporated into the RFC, reevaluating medical source opinions in accordance with the regulations, and considering Plaintiff's subjective complaints in accordance with the regulations. In addition, the

7

ALJ is reminded of the need to follow the prior directives from the Appeals Council in this case.

IV. **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 22] and **REMANDS** this matter for further proceedings consistent with this opinion.

Because the ALJ assigned to this case has twice failed to craft an opinion that withstands review, the Court **RECOMMENDS** that a new ALJ be appointed.

SO ORDERED this 11th day of March, 2019.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc: All counsel of record